


## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

RICHARD COOK,
           Plaintiff.

      v.

JOHN COCO;                        : Civil Action No.: 04-cv-2781
BREM MOLDOVSKY, ESQUIRE;
BREM MOLDOVSKY, L.L.C.
           Defendants.

### FIRST AMENDED COMPLAINT



FILED
JUL 2 2004
MICHAEL E. KUNZ, Clerk
By_____ ___ _Dep. Clerk

### A.    Jurisdiction and Venue

1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### B.    Parties

3.    Plaintiff is a natural person, currently residing at 2301 S. Bancroft St., Philadelphia, Pennsylvania, 19145.

4.    Defendant JOHN COCO, ("Coco") is an individual engaged in the business of residential mortgage lending and resides at 307 Linwood Avenue, Mount Ephraim, New Jersey 08059-1646.

5.      Defendant BREM MOLDOVSKY is an individual engaged in the practice of law individually and through a limited liability partnership, Brem Moldovsky, LLC. ["Moldovsky"], with a place of business for both at 1518 Walnut Street, 18th floor, Philadelphia, Pennsylvania, 19102.  Moldovsky is a debt collector as defined by 15 U.S.C. §1692a(6).

C.      **Factual Allegations**

6.      On or about November 19, 1997, Plaintiff entered into a mortgage agreement with Bernadette M. Coco [hereinafter "B Coco"] in the amount of $30,000 on his property at 2601 Alder Street, Philadelphia, Pennsylvania [hereinafter "the property"], with said amount due as a balloon payment on December 1, 2000. At all times herein, Plaintiff lived in the property, which consists of a 3 bedroom residence with a small commercial space situated at the 1st floor front.

7.      Although said mortgage document references a note, in fact none was ever delivered to or signed by plaintiff.  Presumably intended in lieu of a note, B Coco drafted, delivered to and plaintiff executed an untitled document referred to therein as a payment letter in which plaintiff promised to pay on a monthly basis $361.41 to Bernadette Coco.  This document does not reference the mortgage.

8.      On or about December 10, 2002, B Coco assigned the mortgage to defendant John Coco.

9.      On or about December 16, 2002, defendant Coco delivered to plaintiff a document entitled "Mortgage Modification Agreement" hereinafter ["the modification agreement"].

Plaintiff has in his possession the original of this document with defendant Coco's handwritten note. Upon information belief, plaintiff never signed the modification agreement.

10.     The modification agreement set forth an increase in the principal amount to $42,270.11 from $30,000 and set forth an interest rate of 14.25% which was to commence on January 1, 2002 and cease upon maturity of the mortgage which maturity date, in fact, had already been previously reached on December 1, 2000.

11.     On our about September 15, 2003, Moldovsky filed on behalf of defendant Coco in the Common Pleas Court of Philadelphia a complaint in foreclosure against Plaintiff seeking a principal balance of $42,270.11, $7,738.00 in advanced taxes and insurance, plus $16,714 in attorney fees.

12.     Plaintiff, then and now gravely ill and unable to work or withstand the mental strain caused by defendants' collection activities, sold the home on October 29, 2003, and paid over to defendants $58,500 of the sale proceeds.

13.     In paragraph 11 of the foreclosure complaint defendants misrepresented the nature of the property as commercial and therefore not subject to Act 6 and/or Act 91 notice of intent to foreclose.  In fact plaintiff is a residential mortgage debtor and the property is residential real property under 41 Pa. CSA §101 and therefore defendants were obligated to provide to plaintiff prior to foreclosure an Act 91 notice in compliance with 41 Pa. CSA §403.

14.     At all times relevant hereto defendants were attempting to collect an alleged debt to defendant Coco which was incurred by plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

3

15.    One or more letters sent by Moldovsky to plaintiff contained the following disclosure required under 15 U.S.C. § 1692e(11), which requires "debt collectors" to provide in all communications with consumers in attempts to collect a debt: "This is an attempt to collect a debt. Any information obtained will be used for that purpose."

16.    Upon information and belief defendant Moldovsky regularly collect or attempt to collect legal fees by itemizing such fees in letters such as the ones dated August 8, 2003 and September 10, 2003 (attached as Exhibit B).

17.    In attempts to collect consumer debt, the FDCPA prohibits, among other things: attempting to collect amounts (including interest, attorney fees, collection costs or expenses) not permitted by law (15 U.S.C. § 1692f(1); using unfair and unconscionable collection methods (15 U.S.C. § 1692f); giving a false impression of the character, amount, or legal status of the alleged debt (15 U.S.C. § 1692e(2); using false or deceptive collection methods (15 U.S.C. § 692e(5); and making threats to take action which cannot legally be taken (15 U.S.C. § 1692(e)(10).

18.    Defendants, by falsely and deceptively representing to the plaintiff that its demand for payment of attorney fees and amounts due under the mortgage was proper under the FDCPA, violated the FDCPA and Pennsylvania state law.

## COUNT I:  VIOLATIONS OF THE FDCPA

19.    Plaintiff re-alleges and incorporate by reference all preceding allegations of law and fact.

20.    Defendant Moldovsky violated the FDCPA by the following conduct:

   a.  Asserting a principal due of $42,270 on the basis of the mod agreement which was never signed by plaintiff and which contained no explanation or consideration

4

for the principal to be increased from $30,000 and thereby gave a false impression of the character, amount, or legal status of the alleged debt, 15U.S.C. §1692e(2)(A);

b.  Asserting a 14.25% interest rate due on the mortgage principal of $42,270 based on the mod agreement which asserted that such interest would commence on payments due January 1, 2002 until the maturity of the Mortgage Note when there was no note and the December 1, 2000 maturity date of the Mortgage preceded the first payment date rendering the interest term incomprehensible and therefore invalid and unenforceable by law and thereby gave a false impression of the character, amount, or legal status of the alleged debt, 15U.S.C. § 1692e(2)(A) and also constituting an unfair and unconscionable collection method (15 U.S.C. § 1692f) and deceptive collection method ;

c.  By failing to give plaintiff an Act 91 notice of foreclosure prior to commencing the foreclosure defendant was not entitled to any attorney fees, especially not the unreasonable and unearned $16,000.00 claimed in the complaint, and thereby gave a false impression of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15U.S.C. § 1692e(2)(B);

d.  By failing to give plaintiff an Act 91 notice of foreclosure prior to commencing the foreclosure defendant was not entitled to any attorney fees, especially not the unreasonable and unearned $16,000.00 claimed in the complaint and his collection of such fees was an unfair and unconscionable collection methods (15 U.S.C. § 1692f), a false or deceptive collection method, 15 U.S.C. § 1692(e)(10) and claiming such fees in the foreclosure complaint constituted a threat to take action which cannot legally be taken (15 U.S.C. § 1692e(5);

e.  By attempting to enforce the modification agreement's imposition of a 14.25% interest rate and an increased mortgage principal of $42,270 when the modification agreement asserted that such interest would commence on payments

5

due January 1, 2002 until the maturity of the Mortgage Note when there was no note and the December 1, 2000 maturity date of the Mortgage preceded the first payment date under the modification agreement, the internal inconcsistencies in the modification agreement rendered the interest term incomprehensible and therefore invalid and unenforceable by law. Moldovsky's attempt to enforce the invalid unenforceable contract thereby gave a false impression of the character, amount, or legal status of the alleged debt, 15U.S.C. § 1692e(2)(A) and also constituted an unfair and unconscionable collection method (15 U.S.C. § 1692f) and deceptive collection method ;

21.    Plaintiff is entitled to relief under the FDCPA.

## Count II:  Intentional Misrepresentation

22.    Plaintiff re-alleges and incorporate by reference all preceding allegations of law and fact.

23.    Defendant Coco falsely represented to the plaintiff and to the Court of Common Pleas of Philadelphia in his foreclosure complaint that plaintiff was liable under the modification agreement in writing in the complaint that:

24.    Both Defendants falsely represented to the plaintiff in writing that Defendants were entitled to collect $16,000+ legal fees for legal work related default or foreclosure and also entitled to increased mortgage principal of $42,000 under the modification agreement which plaintiff did not sign and was unenforceable and invalid by lack of consideration and its incomprehensible terms.

6

25.     Defendants' representations concerning the right to collect the described legal fees fees and charges in foreclosure were false in that such fees were unearned and unreasonable.

26.     Defendants knew or should have known that such representations were false because the foreclosure was based on defective and unlawful notice to the plaintiff of the intent to foreclose and a defective and unlawful mortgage modification agreement.

27.     Plaintiff relied on Defendants' false representations concerning its entitlement to collect such unreasonable and unearned legal fees and unlawful principal amounts under the mortgage.

28.     Plaintiff's reliance was reasonable or justifiable in the circumstances.

29.     Plaintiff has suffered actual damages in the amount of increased principal and the amount of fees and charges collected in settlement of the foreclosure and is entitled to relief for misrepresentation.

## Count III - Unjust Enrichment

30.     Plaintiff realleges and incorporates by reference all preceding allegations of law and fact.

31.     Defendants have engaged in unlawful collection activities.

32.     Defendants have collected monies that are not due and owing under applicable contract law, because the mod agreement does not permit defendants to collect the interest or increased principal claimed  and Pennsylvania's Act 6/Act 91 law does not allow defendants to collect legal fees associated with collection or foreclosure after a borrowers' default where no required notice of intent to foreclose has been rendered.

31.     Defendants have been unjustly enriched by its conduct.

32.     Plaintiffs have suffered loss by virtue of Defendants conduct and are entitled to relief for unjust enrichment in the amount of increased principal and interest paid by plaintiff in

7

the foreclosure pursuant to the mod agreement and the amount of attorney's fees paid in the foreclosure.

## Count IV: Act 6 of 1974,

33.     Defendant Coco is a residential mortgage lender within the meaning of Section 101 of Act 6 of 1974, 41 Pa. C.S.A. §§ 101 *et seq.*

34.     Before a residential mortgage lender may commence an Action of Mortgage Foreclosure, the lender must comply with the notice requirements of Act 6 of 1974, 41 Pa. C.S.A. §§ 401 *et seq.*

35.     Plaintiff is a residential mortgage debtor and the property is a residential real property under Act 6 of 1974, 41 Pa. C.S.A. §§ 101 *et seq.*

36.     Defendants did not comply with the requirements of 41 Pa. C.S.A. §403 before commencing its Action of Mortgage Foreclosure, and thereby deprived plaintiff of his right to cure under 41 P.S. §404.

37.     Pursuant to 41 P.S. §406(3), no attorneys fees or costs may be charged prior to 30 days after an Act 6 notice is sent.  Defendants were therefore not entitled to collect any legal fees or costs from Plaintiff.

38.     The fees that were collected were not reasonable and not actually incurred by defendant Coco as mortgage lender as required by 41 Pa. C.S.A. §406 insofar as the fees are cited in the foreclosure complaint as 33% of defendant Coco's monetary damages and it could not have cost $16,000 to draft a complaint which is the sole foreclosure activity engaged in by Moldovsky.

8

39.    Plaintiff requests that the Court find that Defendants failed to send a valid notice of intention to foreclose; find that Defendant therefore violated Act 6 and lacked subject matter jurisdiction to file a foreclosure complaint and refund to plaintiff all sums over and above the principal balance and interest in fact owed under the original mortgage.

WHEREFORE, plaintiffs request that the Court order the following relief in his favor and against Defendants:

a.    actual and statutory damages pursuant to 15 U.S.C. §1692k(2)(B and actual treble damages pursuant to Pennsylvania's Act 6;

b.    actual damages and punitive damages for fraudulent misrepresentation;

c.    declaratory judgment that Defendants' conduct violates the FDCPA;

d.    restitution based on Defendants' unjust enrichment;

e.    an award of attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(3) and pursuant to Pennsylvania's Act 6 or under other applicable law; and

f.    such other and further relief as is appropriate.

**JURY DEMAND**

Plaintiff demands trial by jury.

FILED
JUL 2 2004
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Respectfully Submitted,

Dated: 7/1/04

ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
437 Chestnut Street, Suite 1006
Philadelphia, PA 19106
(215) 351-0200

9